## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

DUANE T. GARRETT,

    Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, ALLY
FINANCIAL INC., and JEFFERSON
CAPITAL SYSTEMS, LLC,

    Defendants.

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, DUANE T. GARRETT (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), ALLY FINANCIAL INC. (hereinafter "Ally"), and JEFFERSON CAPITAL SYSTEMS (hereinafter "Jefferson") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION AND VENUE**

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Craighead County in the State of Arkansas. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

4

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Ally is a corporation with its principal place of business in the State of Michigan and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

20.     Ally is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     Ally furnished information about Plaintiff to the CRAs that was inaccurate.

22.     Jefferson is a corporation with its principal place of business in the State of Minnesota and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

23.     Jefferson is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.     Jefferson furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

25.     Plaintiff is alleged to owe a debt to Ally, partial account number partial account ending in x7159, as to an Ollo credit card (hereinafter "Ally Account"). Plaintiff does not have an Ollo credit card and never applied or gave permission to anyone to apply using his information for the Ally Account.

26.     Plaintiff is alleged to owe a debt to Jefferson, partial account number 373476xxxxxxx, as to a collection account on behalf of original credit Fortiva credit card (hereinafter "Jefferson Account"). Plaintiff does not have Fortiva credit card and never applied or gave permission to anyone to apply using his information for the Jefferson Account.

27.     In or about end of 2023, Plaintiff and his wife were beginning home buying process and met with a lender who advised they pay down their credit card debt.

28.     At the time, Plaintiff only had two (2) credit cards and neither had a high balance.

29.     In or about November 2023, Plaintiff reviewed his Experian credit report and became aware of the Ally Account.

30.     Shortly thereafter, Plaintiff contacted Experian to dispute the Ally Account and advised it did not belong to him.

31.     Plaintiff did not receive dispute results from Experian. However, upon review of his updated Experian credit report, Plaintiff observed that the Ally Account continued to be reported with a comment which stated, "This item was updated from our processing of your dispute in Nov 2023".

32.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

33.     Experian never attempted to contact Plaintiff during the alleged investigation.

34.     Upon information and belief, Experian notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

35.     On or about December 11, 2023, Plaintiff reviewed his Equifax credit report and became aware of First Premier, partial account number ending in x7286, with a status of charge off in the amount of $319. Further, Plaintiff observed that the Ally Account was reported with a status of charge off in the amount of $1,202.

36.     On or about December 11, 2023, Plaintiff reviewed his Experian credit report and observed personal identifying information including names, phone numbers, and Social Security numbers, which were inaccurate and did not belong to him. Further, Plaintiff observed three (3) accounts that did not belong to him:

    i.   The Ally Account with a status of charge off in the amount of $1,202;

    ii.   Acima Digital f/k/a Simple, partial account number 1087xxxx, with a status of closed and original balance of $3,170; and

    iii.   Acima Digital f/k/a Simple, partial account number 586xxxx, with a status of closed and original balance of $2,402.

37.    Due to the inaccurate reporting, on or about February 7, 2024, Plaintiff mailed detailed written dispute letters to the CRAs regarding the inaccurate reporting. In the letter, Plaintiff explained there was personal identifying information appearing in his credit file which did not belong to him. Further, Plaintiff advised the aforementioned accounts did not belong to him. To confirm his identity, copies of his driver's license and Social Security card were included in the letter. Further, Plaintiff provided images of the erroneous reporting.

38.    Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 0582 3700 62), Experian (9589 0710 5270 0582 3700 48), and Trans Union (9589 0710 5270 0582 3700 55).

39.    On or about February 29, 2024, Plaintiff received a response from Experian requesting additional documents as proof of identity theft.

40.    Despite confirmation of delivery, Plaintiff did not receive dispute results in the mail from Experian. However, upon review of his updated credit report,

Plaintiff observed the inaccurate personal identifying information was removed except for one incorrect name. Further, Plaintiff observed that the Ally Account and both Acima Digital FKA Simple accounts continued to be reported.

41.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

42.     Experian never attempted to contact Plaintiff during the alleged investigation.

43.     Upon information and belief, Experian notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

44.     On or about March 6, 2024, Plaintiff received dispute results from Trans Union which stated the First Premier, partial account number ending in x7286, was deleted. Further, Trans Union stated the Ally Account was verified as accurate.

45.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

46.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

47.     Upon information and belief, Trans Union notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

48.   On or about March 21, 2024, Plaintiff received dispute results from Equifax which stated the Ally Account was verified as accurate. Plaintiff did not receive any dispute results as to the First Premier, partial account number ending in x7286. However, upon review of his updated Equifax credit report, Plaintiff observed the First Premier account was no longer appearing in his credit file.

49.   Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

50.   Equifax never attempted to contact Plaintiff during the alleged investigation.

51.   Upon information and belief, Equifax notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

52.   On or about March 7, 2024, Plaintiff obtained updated copies of his credit reports. Upon review, Plaintiff observed that an incorrect name continued to appear. Further, Plaintiff observed erroneous accounts continued to be reported:

     i.   The Ally Account with a status of charge off in the amount of $1,202;

ii.   Acima Digital f/k/a Simple, partial account number 1087xxxx, with a status of closed and original balance of $3,170;

iii.  Acima Digital f/k/a Simple, partial account number 586xxxx, with a status of closed and original balance of $2,402;

iv.   The Jefferson Account with a status of open and balance of $1,129; and

v.    Midland Credit Management, partial account number 32100xxxx, a collection account on behalf of The Bank of Missouri, with a past due balance of $2,293.

53.    On or about March 12, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 170526369. In this report, he explained that he was a victim of identity theft and that the aforementioned accounts had been opened under his name and were listed in his credit report.

54.    Due to the continued inaccurate reporting, on or about April 4, 2024, Plaintiff submitted a detailed dispute online to Equifax and Trans Union, and on or about April 9, 2024, Plaintiff submitted a detailed dispute online to Experian. In the letter, Plaintiff explained there was personal identifying information appearing in his credit file which did not belong to him. Further, Plaintiff advised the aforementioned accounts did not belong to him. To confirm his identity, copies of his driver's license

and Social Security card were included in the letter. Further, Plaintiff provided images of the erroneous reporting and a copy of his filed FTC Identity Theft Report.

55.    On or about April 11, 2024, Plaintiff received dispute results from Experian which stated the personal identifying information was updated. Further, the results stated that the Ally Account, Jefferson Account, and Midland Credit Management, partial account number 32100xxxx, were deleted. Plaintiff did not receive dispute results as to the Acima Digital f/k/a Simple accounts. However, upon review of his updated credit report, Plaintiff observed those accounts were no longer appearing in his credit file.

56.    On or about April 25, 2024, Plaintiff received dispute results from Equifax which stated the Ally Account was verified as accurate. Plaintiff did not receive dispute results as to the Jefferson Account. However, upon review of his updated credit report, Plaintiff observed the Jefferson Account continued to be reported with a comment that indicated the account was disputed and verified as accurate.

57.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

58.    Equifax never attempted to contact Plaintiff during the alleged investigation.

59.    Upon information and belief, Equifax notified Ally of Plaintiff's dispute. However, Ally failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

60.    Upon information and belief, Equifax notified Jefferson of Plaintiff's dispute. However, Jefferson failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

61.    On or about April 28, 2024, Plaintiff received dispute results from Trans Union which stated the Ally Account and Midland Credit Management, partial account number 32100xxxx, were deleted.

62.    On or about May 8, 2024, Plaintiff obtained an updated copy of his Equifax credit report. To his relief, the Ally Account was no longer being reported. However, the Jefferson Account continued to appear with balance of $1,129.

63.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, Equifax continued to inaccurately report the fraudulent Jefferson Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

64.     Equifax has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

65.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

66.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.    Apprehensiveness to apply for new credit due to the fear of rejection;

    v.    and

    vi.    Defamation as Defendants published inaccurate information to third party entities.

## **CAUSES OF ACTION**

### **COUNT I**
### **Violation of 15 U.S.C. § 1681e(b) as to**
### **Defendant, Equifax Information Services LLC (Negligent)**

67.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

68.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

69.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

70.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

71.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

72.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

73.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

74.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

75.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

76.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

77.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

78.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

79.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

80.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal

rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

81.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

82.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

83.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

84.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

85.  The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

86.  Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoiner from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

87.  Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

88.  After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter

19

and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

89.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

90.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

91.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

92.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal

rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

93.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

94.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

95.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

96.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

97.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

98.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

99.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

100.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

22

101.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

102.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

103.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

104.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

105.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

106.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

107.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

108.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

24

109.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

110.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

111.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

112.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter

and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

113.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

114.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

115.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

116.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal

rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

117.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

118.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

119.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

120.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

121.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

122.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

123.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

124.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

125.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

126.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

127.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

128.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
## Violation of 15 U.S.C. § 1681i as to
## Defendant, Trans Union LLC (Negligent)

129.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

130.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

131.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

132.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

133.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

134.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

135.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

136.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

31

137.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

138.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

139.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

140.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
## Violation of 15 U.S.C. § 1681 s-2(b) as to
## Defendant, Ally Financial, Inc. (Negligent)

141.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

142.   Ally furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

143.   After receiving Plaintiff's disputes, Ally violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

144.   Plaintiff provided all the relevant information and documents necessary for Ally to have identified that the account was fraudulent.

145.   Ally did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Ally by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if

it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

146.   Ally violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

147.   As a direct result of this conduct, action, and/or inaction of Ally, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

148.   The conduct, action, and inaction of Ally was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

149.   Plaintiff is entitled to recover costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual damages against Defendant, ALLY FINANCIAL INC.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further

violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Ally Financial, Inc. (Willful)

150.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

151.   Ally furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

152.   After receiving Plaintiff's disputes, Ally violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

153.   Plaintiff provided all the relevant information and documents necessary for Ally to have identified that the account was fraudulent.

154.   Ally did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Ally by Plaintiff in connection with his disputes

of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

155. Ally violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

156. As a direct result of this conduct, action, and/or inaction of Ally, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

157. The conduct, action, and inaction of Ally was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

158. Plaintiff is entitled to recover costs and attorney's fees from Ally in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, ALLY FINANCIAL INC.; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Jefferson Capital Systems, LLC (Negligent)

159.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

160.   Jefferson furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

161.   After receiving Plaintiff's disputes, Jefferson violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

162.   Plaintiff provided all the relevant information and documents necessary for Jefferson to have identified that the account was fraudulent.

163.   Jefferson did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Jefferson by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

164.   Jefferson violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

165.   As a direct result of this conduct, action, and/or inaction of Jefferson, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

166.   The conduct, action, and inaction of Jefferson was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

167.   Plaintiff is entitled to recover costs and attorney's fees from Jefferson in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual damages against Defendant, JEFFERSON CAPITAL

SYSTEMS, LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Jefferson Capital Systems, LLC (Willful)

168.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

169.   Jefferson furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

170.   After receiving Plaintiff's disputes, Jefferson violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

171.   Plaintiff provided all the relevant information and documents necessary for Jefferson to have identified that the account was fraudulent.

172.   Jefferson did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to Jefferson by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

173.   Jefferson violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

174.   As a direct result of this conduct, action, and/or inaction of Jefferson, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

175.   The conduct, action, and inaction of Jefferson was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

176.   Plaintiff is entitled to recover costs and attorney's fees from Jefferson in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award actual or statutory damages and punitive damages against

Defendant, JEFFERSON CAPITAL SYSTEMS, LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DUANE T. GARRETT, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, ALLY FINANCIAL INC., and JEFFERSON CAPITAL SYSTEMS, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 18th day of May 2024.

Respectfully submitted,

***/s/ Octavio Gomez, Esq.***
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916

Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
Tav@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com
*Attorney for Plaintiff*